# Exhibit D

## Notice of Violation of the Public Disclosure Provision of the NVRA - Kentuckians v. Adams, No. 3:24-cv-00387-BJB-RSE (E.D. Ky.)
1 message

**Chris Romer** <cromer@fairelectionscenter.org>                                        Thu, Sep 19, 2024 at 10:29 AM
To: jscutchfield@ky.gov, Kwestberry@landrumshouse.com, bbush@landrumshouse.com, TaylorA.Brown@ky.gov, lreed@sturgillturner.com, carmine@sturgillturner.com
Cc: Michelle Kanter Cohen <mkantercohen@fairelectionscenter.org>, Jackson Cooper <jackson@kyequaljustice.org>, Beauregard Patterson <bpatterson@fairelectionscenter.org>, Chris Romer <cromer@fairelectionscenter.org>

Dear Counsel,

Please see Plaintiff's attached letter regarding Notice of Violation of the Public Disclosure Provision of the NVRA, related to *Kentuckians for the Commonwealth v. Adams*, No. 3:24-cv-00387-BJB-RSE (E.D. Ky.).

Thank you,
Chris

--



**Chris Romer**
he/him/his
*Paralegal*
1825 K Street NW
Suite 701
Washington, DC 20006
Main Office: 202-331-0114
Learn more: fairelectionscenter.org



*The content of this email should not be construed as legal advice. This e-mail message and its attachments are confidential, intended only for the addressee(s) named above and may contain information that is proprietary, privileged, attorney work product or otherwise exempt from disclosure. If you receive this message in error please notify me at cromer@fairelectionscenter.org and immediately delete this message and its attachments from your system.*

📎 **2024-09-19 Notice of Violation of Public DIsclosure Provision.pdf**
231K



September 19, 2024

Hon. Michael G. Adams
Kentucky Secretary of State
Kentucky State Board of Elections
140 Walnut Street
Frankfort, Kentucky 40601

*Via Email to Counsel*

**Re: Notice of Violation of Public Disclosure Provision of the National Voter Registration Act of 1993, Section 8(i)**

Dear Secretary Adams and Members of the State Board of Elections:

On behalf of Kentuckians for the Commonwealth ("KFTC"), we write pursuant to 52 U.S.C. § 20510(b) to notify you that your failure to provide records in response to our August 2023 request violates the Public Disclosure Provision of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i).

The assertions made in Secretary Adams's Motion to Dismiss KFTC's claim in *Kentuckians for the Commonwealth v. Adams*, No. 3:24-cv-00387-BJB-RSE, Dkt. 17-1 at 6 (E.D. Ky. Aug. 30, 2024), make clear that such documents exist and that they existed at the time the August 2023 request was made. Most notably, in the Motion, you assert that "(approximately 20,000) [removals] came from voters moving out of state and registering in a new state that then informs Kentucky." *Id.* Similarly, the State Board's Motion to Dismiss admits that "[s]ince 2021, [it] has used the provisions of KRS 116.113(5) to maintain the accuracy of the Commonwealth's voter rolls." *Kentuckians for the Commonwealth*, No. 3:24-cv-00387-BJB-RSE, Dkt. 16 at 7-8 (E.D. Ky. Aug. 26, 2024).

Section 8, 52 U.S.C. § 20507(i) provides in relevant part:

> **(i) Public disclosure of voter registration activities**
> **(1)** Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered.

**(2)** The records maintained pursuant to paragraph (1) shall include lists of the names and addresses of all persons to whom notices described in subsection (d)(2) are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the records is made.

In the August 2023 letter, we requested the following records, including pursuant to NVRA Section 8(i)(1) ("the Public Disclosure Provision"):

1. An electronic record, such as a .txt or .xls file, reflecting the following information for each registered or previously-registered Kentucky voter recommended by a local or state jurisdiction for removal from Kentucky's official list of eligible voters under KRS § 116.113(4)[1] since June 29, 2021, on the grounds that a voter has registered to vote in a new local or state jurisdiction outside of the Commonwealth: the voter's first name, middle name, last name, suffix, birthdate, phone number, email address (if available), full residential address, residential zip code, full mailing address, mailing zip code, state-assigned voter ID number, date of registration, county of registration, date of removal (if any), date the person last voted (if any), current Kentucky voter registration status, the basis for believing the voter had moved outside of Kentucky, and data related to any correspondence that was sent to the applicant or received from the applicant regarding their registration address.

2. Copies of all communications, instructions, memoranda, guidance documents, or similar documents issued by your office or the State Board of Elections to county election officials

    a. Pertaining to the implementation of KRS § 116.113(4), as amended by 2021 Kentucky Laws Ch. 197, § 5;
    b. Defining the phrase "notification from a local or state jurisdiction that a voter has registered to vote in the new local or state jurisdiction outside of the Commonwealth" as it appears in KRS § 116.113(4);
    c. Reflecting templates of communications with voters related to actions taken pursuant to KRS § 116.113(4);
    d. Describing the process to be followed for identifying voters who have potentially moved outside of Kentucky and/or confirming whether such voters have in fact moved outside of Kentucky, pursuant to KRS § 116.113(4); and/or
    e. Describing the process to be followed for cancelling a voter's registration pursuant to KRS § 116.113(4).

Neither the State Board Members nor Secretary Adams responded to this request, yet, in spite of that, the assertions you put forward in the motions to dismiss make clear that responsive records exist.

We reiterate this request for records, and further request that your response include responsive records through the date of this letter. If you do not correct the violation described above by providing responsive records by October 5, 2024, current through the date of this letter,

---

[1] KRS § 116.113(4) has since been renumbered to KRS § 116.113(5)

we intend to take immediate legal action to correct this violation of the Public Disclosure Provision under 52 U.S.C. § 20510. If you wish to discuss this matter, please contact me at bpatterson@fairelectionscenter.org.

    Thank you for your attention to this matter.

        Sincerely,

        **Beauregard Patterson, Counsel**
        **Fair Elections Center**
        1825 K Street NW, Suite 701
        Washington, D.C. 20006
        (202) 331-0114
        bpatterson@fairelectionscenter.org