FILED
JAMES J. VILT, JR. - CLERK

MAR 27 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

KENTUCKIANS FOR THE
COMMONWEALTH,

        Plaintiff,

        v.

MICHAEL ADAMS, et al.,

        Defendants.

Case No. 3:24-cv-387-BJB

## STATEMENT OF INTEREST OF THE UNITED STATES

The United States respectfully submits this Statement of Interest pursuant to 28 U.S.C.

§ 517, which authorizes the Attorney General to attend to the interests of the United States in any

pending lawsuit. This matter implicates the interpretation and application of the National Voter

Registration Act (NVRA), 52 U.S.C. §§ 20501-11, a statute over which Congress accorded the

Attorney General enforcement authority. *See* 52 U.S.C. § 20510(a). The United States has a

substantial interest in ensuring that the NVRA is properly interpreted and uniformly enforced

around the country.[1]

The United States files this Statement for the limited purpose of articulating its views of

---

[1] The United States has taken numerous enforcement actions under the NVRA and has also filed
statements of interest and amicus briefs regarding its views on the NVRA. Of note, the United
States intervened as a plaintiff in *Judicial Watch v. Grimes* (later known as *Judicial Watch v.
Adams*), private litigation against the Kentucky Secretary of State to enforce Section 8 of the
NVRA, 52 U.S.C. § 20507. *See* Consent Mot. Intervene, *Judicial Watch v. Grimes*, No. 3:17-cv-
94 (E.D. Ky. June 12, 2018), ECF No. 32. The resulting consent decree is set to terminate at the
end of the month. *See* Mem. Op. & Order 18, *Judicial Watch v. Adams*, No. 3:17-cv-94 (E.D.
Ky. Sept. 8, 2020), ECF No. 85.

Section 8(a)(3)(A) of the NVRA, 52 U.SC. § 20507(a)(3)(A), which permits cancellation of a voter registration "at the request of the registrant." Because Section 116.113(5) of the Kentucky Revised Statutes mandates some voter registration removals at the request of the registrant, Section 8(a)(3)(A) is relevant to the pending motion to dismiss Kentuckians for the Commonwealth's facial challenge to that state law provision. The United States take no position on any other issue before this Court.

## I.  BACKGROUND

### A.  Procedural Background

Kentuckians for the Commonwealth (KFTC) alleges that, "on its face," Section 116.113(5) of the Kentucky Revised Statutes violates Section 8(d) of the NVRA, 52 U.S.C. § 20507(d). Am. Compl. ¶ 35, ECF No. 35. The challenged provision reads, in full:

> Upon receipt of notification from a local or state jurisdiction that a voter has registered to vote in the new local or state jurisdiction outside of the Commonwealth, the State Board of Elections shall within five (5) days cause the removal of the name of that person from the voter registration records that it maintains, except that no voter's name may be removed during the period of time the registration books are closed for any primary, regular election, or special election.

KFTC asserts that KRS § 116.113(5) violates Section 8(d) because state law "does not require the State Board of Elections or local clerks to review a voter's written confirmation of a change in address before immediately removing that voter from the rolls"; nor does it "permit state and local elections officials to initiate the NVRA's notice and waiting process when an out-of-state official fails to provide the voter's written confirmation of a change in residence." Am. Compl. ¶¶ 80-81.

Secretary of State Adams and members of the State Board of Elections have moved to dismiss. Adams Mot. Dismiss, ECF No. 37; SBE Mot. Dismiss, ECF No. 38. Both contend that

the NVRA permits Kentucky to remove a registrant from the voter registration rolls upon receipt of information from another state indicating that the registrant has registered to vote in that other state. Adams Mem. Supp. Mot. Dismiss 15, ECF No. 37-1; SBE Mot. 23. Specifically, Secretary Adams argues that such removals are permissible because they rely on the registrant having signed a registration form in another jurisdiction and not merely on the registrant having moved out of state. Adams Mem. Supp. Mot. Dismiss 14. The State Board of Elections makes the broader argument that the NVRA authorizes immediate removal of ineligible registrants, including those who become ineligible based on later registration in another state. SBE Mot. 20-21.

### B.    Section 8 of the National Voter Registration Act

The NVRA was enacted "to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office" while "ensur[ing] that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501(b)(1), (4). Section 8 of the NVRA addresses state voter list maintenance procedures for elections for federal office, prescribing conditions under which registrants may be removed from voter registration lists.[2] *Id.* § 20507.

Relevant here, Sections 8(a)(3) and 8(a)(4) prohibit states from removing a properly registered individual from the voter registration rolls for elections for Federal office except:

---

[2] The NVRA does not establish exclusive reasons for removal for those voters who were not properly registered in the first instance. *See, e.g., Bell v. Marinko*, 367 F.3d 588, 591-92 (6th Cir. 2004) (holding, in the context of registrants who were seasonal rather than permanent registrants, that "[i]n creating a list of justifications for removal, Congress did not intend to bar the removal of names from the official list of persons who were ineligible and improperly registered to vote in the first place"); *Arcia v. Florida Sec'y of State*, 772 F.3d 1335, 1344 (11th Cir. 2014) (holding that removal of non-citizen registrants constitutes removing "ineligible voters").

- At the request of the registrant,

- By reason of criminal conviction (as provided by State law),

- By reason of mental incapacity (as provided by State law),

- By reason of the death of the registrant, or

- By reason of a change in the residence of the registrant.

*Id.* § 20507(a)(3), (4). Section 8(d) further limits removal by reason of a change in residence, which cannot be completed unless the registrant "confirms in writing that [they have] changed residence to a place outside the registrar's jurisdiction" or fails to respond to a prescribed notice and does not appear to vote for two federal election cycles. *Id.* § 20507(d)(1).

## II.     ARGUMENT

KFTC alleges that KRS § 116.113(5) violates Section 8(d) of the NVRA "on its face" because it satisfies neither of the two approved processes for removing a registrant based on a change in residence, *i.e.*, that the registrant has confirmed the change of residence in writing, or that the jurisdiction has sent the notice specified in Section 8(d)(2) and the registrant has both failed to respond to the notice and failed to vote or to appear to vote for two Federal election cycles. *See* Am. Compl. ¶¶ 77-85. But Section 8(d) governs only removals "on the ground that the registrant has changed residence," 52 U.S.C. § 20507(d)(1). It does not govern removals under Section 8(a)(3)(A)'s wholly separate authorization for a removal "at the request of the registrant." *Id.* § 20507(a)(3)(A). Registration in another jurisdiction may constitute a request for removal from the rolls at a prior address, under specified circumstances. *See, e.g., League of Women Voters of Ind. v. Sullivan*, 5 F.4th 714, 731-32 (7th Cir. 2021); S. Rep. No. 103-6, at 31 (1993), 1993 WL 54278 (Senate Report); H.R. Rep. No. 103-9, at 14-15 (1993), *reprinted in*

1993 U.S.C.C.A.N. 105, 1993 WL 27395 (House Report). Thus, KFTC cannot establish that "no

set of circumstances exists under which [KRS § 116.113(5)] would be valid" or that the law

"lacks a plainly legitimate sweep," as required to sustain a facial challenge. *Moody v. Netchoice*

*LLC*, 603 U.S. 707, 723 (2024) (*quoting United States v. Salerno*, 481 U.S. 739, 745 (1987)).

### A. Removal "at the Request of the Registrant" and Removal "by Reason of a Change in the Residence of the Registrant" are Separate Bases for Removal.

The NVRA prohibits the removal of a properly-registered individual from the voter

registration rolls "except in the following three narrow circumstances: (1) at the registrant's

request, (2) 'by reason of criminal conviction or mental incapacity'; [sic] and (3) through a

'general program that makes reasonable efforts to remove' the names of voters rendered

ineligible either by death or upon a change in residence." *Repub. Nat'l Comm. v. Benson*, 2024

WL 4539309 at *2 (W.D. Mich. 2024). Each authorization is legally distinct and subject to

particular mandates and restrictions. *See* 52 U.S.C. § 20507(a)(3), (a)(4); *see also, e.g., Am. Civ.*

*Rights Union v. Phila. City Comm'rs*, 872 F.3d 175, 181-83 (3d Cir. 2017) ("[W]hile states are

required to make reasonable efforts to remove registrants for certain reasons, states are merely

permitted—not required—to provide for removal of registrants from the official list based on

criminal conviction.").

The authorization to remove registrants at their request is wholly separate from the

authorization to remove registrants based on a change in residence. *See* 52 U.S.C.

§ 20507(a)(3)(A), (a)(3)(C). Section 8(d)'s procedural requirements—which restrict removal

"on the ground that the registrant has changed residence" to those who "confirm[] in writing"

that they have moved and those who have gone through a notice-and-waiting period, *id.*

§ 20507(d)(1)—do not apply to removal on other bases authorized by the NVRA, including

removal at the request of the registrant. *See id.* § 20507(d)(1); *see also Husted v. A. Philip*

5

*Randolph Inst.*, 584 U.S. 756, 761-62 (2018) ("The Act also prescribes requirements that a State must meet in order to remove a name on change-of-residence grounds." (citing 52 U.S.C. § 20507(b), (c), (d))).[3]

### B.  "The Request of the Registrant" Includes Registering to Vote in Another Jurisdiction, in at Least Some Circumstances.

Because this is a facial challenge, the question before this Court is whether KRS § 116.113(5) has a "plainly legitimate sweep." *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 202 (2008) (internal quotation marks and citation omitted). In other words, so long as "circumstances exist[] under which" removals authorized by KRS § 116.113(5) "would be valid," the facial challenge must fail. *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 691 (6th Cir. 2014). For the reasons that follow, at least some removals authorized by KRS § 116.113(5) occur "at the request of the registrant" and are therefore not preempted by the NVRA.

Read together, the plain text of KRS § 116.113(5) and Section 8(a)(3)(A) of the NVRA establish that at least some removals at issue are authorized by the NVRA as occurring "at the request of the registrant" and do not require the specific procedures related to removals based on a change of residence. KRS § 116.113(5) requires the State Board of Elections to remove certain

---

[3] Because the amended complaint can be dismissed pursuant to Section 8(a)(3)(A)'s authorization to remove a registrant at their request, as explained *infra*, this Court need not consider whether a voter registration form might also constitute a "confirmation in writing" pursuant to Section 8(d)(2)(A). By way of example, the quintessential confirmation in writing occurs when a state sends a "postage prepaid and pre-addressed return card, sent by forwardable mail" to a voter pursuant to Section 8(d)(2), inquiring as to the voter's current residence. *Id.* § 20507(d)(2). If the voter responds that they have changed residence, then they have confirmed the change of residence in writing. *See Husted v. A. Philip Randolph Inst.*, 584 U.S. 756, 763 (2018) ("When a State receives a return card confirming that a registrant has left the district, the State must remove the voter's name from the rolls." (citing 52 U.S.C. § 20507(d)(1)(A), (3))). The Kentucky State Board of Elections sends notices pursuant to Section 8(d)(2) that provide an opportunity for voters to confirm a change of address. *See* Ky. State Bd. of Elections, *8(d)(2) Notice* (Feb. 2022), https://perma.cc/A2F3-KRF5.

voters "[u]pon receipt of notification from a local or state jurisdiction that a voter has registered

to vote in the new local or state jurisdiction outside of the Commonwealth." Thus, the

precipitating event is submission of an application for voter registration, not merely a change of

residence. And because notification must come directly from "a local or state jurisdiction," that

jurisdiction must have information necessary to determine that its new voter was formerly

registered in Kentucky. Typically, voter registration forms request the applicant's last address of

registration. *See, e.g.*, Ohio Sec'y of State, *Voter Registration and Information Update Form*

(2023), https://www.ohiosos.gov/globalassets/elections/forms/vr_form_english.pdf; Tenn. Sec'y

of State, *Tennessee Mail-In Application for Voter Registration* (Sept. 2020), https://perma.cc/

DJM9-QFUW; U.S. Election Assistance Comm'n, *National Mail Voter Registration Form*

(2024), https://perma.cc/4HN5-M5MN.[4] This is an obvious source of information that the new

local or state jurisdiction may use to notify the Kentucky State Board of Elections of an out-of-

state registration.

In turn, this submission of a prior registration address on a new voter registration form

constitutes a "request of the registrant" for removal from the rolls at that prior address. A request

is any "act of politely or officially asking for something." *Request, Cambridge Dictionary*

(2025), https://perma.cc/T59C-RV8C; *see also, e.g., Request, Merriam-Webster Collegiate*

*Dictionary* (10th ed. 2001) ("the act or an instance of asking for something"). A "request" need

not be labeled "request for removal," so long as it serves no other purpose beyond removing a

prior registration. *Cf. United States v. Mauro*, 436 U.S. 340, 362 (1978) ("It matters not whether

---

[4] *See also, e.g.*, Ill. State Bd. of Elections, *Illinois Voter Registration Application* (2022), https://perma.cc/3JX9-UAKL; Ind. Sec'y of State, *Indiana Voter Registration Application* (2024), https://perma.cc/W326-FL8U; Mo. Sec'y of State, *Missouri Voter Registration Application* (2024), https://perma.cc/4RBX-RHG9; W. Va. Sec'y of State, *West Virginia Voter Registration Application* (2023), https://perma.cc/9GNF-Q4TQ.

the Government presents the prison authorities in the sending State with a piece of paper labeled 'request for temporary custody' or with a writ of habeas corpus *ad prosequendum* demanding the prisoner's presence in federal court on a certain day; in either case the United States is able to obtain temporary custody of the prisoner.").

Legislative history confirms this broad reading of "request of the registrant." *See* S. Rep. No. 103-6 at 31 ("A 'request' by a registrant would include actions that result in the registrant being registered at a new address, such as registering in another jurisdiction or providing a change-of-address notice through the drivers license process that updates the voter registration."); *see also* H.R. Rep. No. 103-9 at 14-15 (same). For this reason, the United States has consistently informed jurisdictions that "'[a] removal at the request of the registrant' under the NVRA involves first-hand information from a registrant [such as] a registrant submitting a new application registering to vote a second time in a new jurisdiction, and providing information regarding the registrant's prior voter registration address on the new application, which the State can treat as a request to cancel or transfer his or her prior registration." U.S. Dep't of Justice, *The National Voter Registration Act of 1993 (NVRA): Questions and Answers* ¶ 39, https://perma.cc/28PS-AAV8; *see also, e.g.*, Archive.org, *The National Voter Registration Act of 1993 (NVRA): Questions and Answers* ¶ 39 (Aug. 6, 2015), https://web.archive.org/web/20150820083657/http://www.justice.gov:80/crt/national-voter-registration-act-1993-nvra.

Treatment of an out-of-state last address of registration as a request for removal in the prior state is particularly warranted because federal law requires voter registration forms to specify each eligibility requirement and requires applicants to attest by their signature under penalty of perjury that they meet each eligibility requirement listed. *See* 52 U.S.C. § 20508(b)(2) (requiring federal mail voter registration form to include these elements); *id.* § 20505(a)(1)

(requiring states to accept and use the federal mail voter registration form); *id.* § 20505(a)(2) (allowing states to develop mail voter registration forms that meet this and other requirements). Every State limits voter eligibility to residents, and no one can maintain residence for voting purposes in more than one state. *See* 25 Am. Jur. 2d Elections § 163 (2025) ("[F]or voting qualification purposes, a person who physically leaves a jurisdiction in order to establish a home elsewhere, and then votes or qualifies to vote outside that jurisdiction, loses the prior residence in that jurisdiction for voting purposes."); *see also* KRS § 116.035(3) ("A voter shall lose his or her residence by removal to another state or county with intention to make his or her permanent residence there, or by removal to and residence in another state, with intention to reside there an indefinite time, or by voting there, even though he or she may have had the intention to return to this state at some future period.").

Thus, when an individual submits a voter registration application and records that they were most recently registered in another state, they are declaring under penalty of perjury that they are no longer a qualified elector in their prior state and that maintaining the prior registration serves no legitimate purpose. *See* 25 Am. Jur. 2d Elections § 163; *see also* KRS § 119.165(2) (making it a Class D felony to vote in Kentucky while a resident of another state). Removal of the registrant is not only authorized by Section 8(a)(3)(A) pursuant to the registrant's own request, it is also necessary to prevent double-voting across state lines, in furtherance of Congress' enumerated purposes to "protect the integrity of the electoral process" and "ensure that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501(b)(3), (4). *Cf. Bell v. Marinko*, 367 F. 3d 588, 592 (citing these purposes when holding that the Ohio Board of Elections "necessarily removed" the names of never-eligible registrants from the voter registration rolls "[a]s instructed by the [NVRA]").

Although the Seventh Circuit has rejected the notion that subsequent registration in a different state *always* constitutes a "request" for removal under the NVRA, *see League of Women Voters of Indiana v. Sullivan*, 5 F.4th 714, 729-31 (7th Cir. 2021); *Common Cause Ind. v. Lawson*, 944, 959-62 (7th Cir. 2019), the facial challenge here presents a narrower question of whether *any* subsequent registration in a different state may validly trigger removal. Even the Seventh Circuit has recognized that "nothing in the NVRA . . . would prohibit" removal where a voter registration form expressly invites a registrant to authorize the cancellation of their prior registration, such as by checking a box. *League of Women Voters*, 5 F.4th at 719 (defining an "authorization-of-cancellation"); *id.* at 731-32 (permitting removal based on an authorization-of-cancellation). At least some states offer that express opportunity. *See, e.g.*, *id.* at 719 (recognizing ten states with an authorization-of-cancellation); Va. Dep't of Elections, *Virginia Voter Registration Application* (2024), https://perma.cc/Q956-B7MD.

Furthermore, although KFTC's amended complaint cites *League of Women Voters* for the proposition that a state must have "direct communication from the voter or compliance with the NVRA's notice-and-waiting procedures" in the 8(d) context, Am. Compl. ¶ 32, it ignores that the Court also held that "[a]n authorization-of-cancellation [voter registration] form that a voter personally signs and that is then forwarded to Indiana from another state complies with Section 20507(a)(3)(A) of the NVRA." *League of Women Voters*, 5 F.4th at 732. The court went on to explain that "[w]hen we stated in *Common Cause I* that the NVRA requires 'direct' contact with a voter, we meant that a communication must be *generated by the voter* to qualify as a 'request of the registrant.'—not by a third party." *Id.* In other words, regardless of the requirements of Section 8(d)'s "confirmation in writing" language, Section 8(a)(3)(A) provides an independent basis for removal "at the request of the registrant," including where an individual registers to

vote in a second state and that state forwards the form to the individual's first state of registration for removal. Accordingly, KRS § 116.113(5) has lawful applications, and this facial challenge fails even under the Seventh Circuit's analysis.[5]

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motions to dismiss.


Respectfully submitted,

Date: March 27, 2025


MICHAEL A. BENNETT
United States Attorney
Western District of Kentucky

/s/ Jessica R.C. Malloy
JESSICA R.C. MALLOY
Assistant United States Attorney
717 W. Broadway
Louisville, KY 40202
(502) 779-2765
jessica.malloy@usdoj.gov

MAC WARNER
Deputy Assistant Attorney General
Civil Rights Division

/s/ Michelle Rupp
R. TAMAR HAGLER
JOHN A. RUSS IV
MICHELLE RUPP
DANIEL J. FREEMAN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
(800) 253-3931
michelle.rupp@usdoj.gov


---

[5] Because the plain language of "the request of the registrant" includes registering to vote in another state in at least some circumstances, this Court need not address the State Board of Elections' argument that the NVRA does not establish "exclusive reasons for removal" of voters who were properly registered in the first instance. *See* SBE Mot. 20-22; *cf. Bell v. Marinko*, 367 F.3d 588, 591 (6th Cir. 2004) (addressing only registrants who had never been eligible to vote).

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2025, the foregoing Statement of Interest was filed in

person with the Clerk of the Court and will be served via CM/ECF to all counsel of record.

Respectfully Submitted,

/s/ *Jessica R.C. Malloy*
JESSICA R.C. MALLOY
Assistant United States Attorney
717 W. Broadway
Louisville, KY 40202
(502) 779-2765
jessica.malloy@usdoj.gov